**E-Filed 12/12/05**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KENNETH LONGACRE,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>GAIL LEWIS, Warden, Pleasant Valley State Prison,<br><br>　　　　　Respondent. | Case Number C 03-03232 JF (PR)<br><br>ORDER[1] RE REQUEST TO STRIKE TRAVERSE AND HOLD AMENDED PETITION IN ABEYANCE<br><br>[Docket No. 64] |

　　　　Petitioner Kenneth Longacre filed the instant habeas corpus petition on July 11, 2003. On May 20, 2004, Respondent Gail Lewis, Warden of Pleasant Valley State Prison, filed a motion to dismiss, alleging that some of Petitioner's claims had not been exhausted in state court. On September 24, 2004, Petitioner, with the assistance of prior counsel, filed an opposition to the motion to dismiss. On October 29, 2004, this Court issued an order granting Respondent's motion to dismiss and advising Petitioner of his options with respect to future proceedings in this

---

[1] This disposition is not designated for publication and may not be cited.

1  case. This order advised Petitioner that he could choose for the Court to: (1) dismiss the action
2  without prejudice for failure to exhaust administrative remedies, (2) dismiss the petition with
3  leave to file an amended petition containing only exhausted claims, and proceed immediately on
4  such a petition once it was filed, or (3) dismiss the petition with leave to file an amended petition
5  containing only exhausted claims, but stay such petition and hold it in abeyance pending
6  Petitioner's exhaustion of his remaining claims. On November 23, 2004, Petitioner's prior
7  counsel filed an amended petition and an "election of option," abandoning the unexhausted
8  claims. On February 3, 2005, Petitioner filed an answer to the amended petition.

9       On March 21, 2005, Petitioner filed a motion for leave to substitute counsel on the
10 ground that there had been a breakdown in trust and communication between himself and
11 Valencia and requested a stay of litigation. Petitioner has filed a declaration, in support of the
12 instant request, in which he alleges that his prior counsel, Robert Valencia ("Valencia"), "talked
13 to me by telephone _once_ in the entire time I had sought post-conviction relief with him (about 4
14 years)." Longacre Decl. ¶ 3 (emphasis in original). Petitioner claims that, at the time the
15 amended petition was filed, "I did not understand I was likely forever abandoning any issue until
16 after the final decision was made by my attorney to do so. Indeed I was told I could return to
17 state court at any time by Mr. Valencia, with no mention of time constraints or the prohibition on
18 second or subsequent petitions in federal court." _Id_. at ¶ 5. Petitioner also stated that he sent a
19 copy of this motion to Valencia, and that if he had known he could have fired Valencia without
20 the Court's permission he would have done so at the time. _Id_. at ¶¶ 9-11.

21      On April 6, 2005, Valencia filed a traverse, which Petitioner alleges was done without his
22 knowledge or consent. Petitioner claimed that "Mr. Valencia was well aware I did not want him
23 to proceed further." _Id_. at ¶ 9. On April 19, 2005, this Court issued an order requesting response
24 from Petitioner's counsel regarding Petitioner's motion and request for leave of Court to
25 substitute retained counsel. On May 2, 2005, Valencia responded to Petitioner's motion and
26 joined in the request to substitute retained counsel. On June 7, 2005, this Court issued an order
27 granting Petitioner's request for substitution of counsel and denying Petitioner's request for stay.
28 The Court denied the stay because as of April 6, 2005, when Petitioner's traverse was filed, the

Case No. C 03-03232 JF (PR)
ORDER RE REQUEST TO STRIKE TRAVERSE AND HOLD AMENDED PETITION IN ABEYANCE
(JFLC1)

matter had been fully briefed and taken under submission.

On October 19, 2005, with the assistance of new counsel, Petitioner filed the instant request, asking the Court to strike Petitioner's traverse and hold the amended petition in abeyance pending return to state court to exhaust unexhausted issues. Petitioner argues he was prejudiced by the Court's acceptance of the traverse during the time his motion for leave to substitute counsel was pending. On November 7, 2005, Respondent filed opposition to this request. Respondent argues that Petitioner has not shown good cause to allow him to exhaust his claims. *Rhines v. Weber*, 125 S.Ct. 1528, 1535 (2005) ("[S]tay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court."). Respondent contends that the operative event was Petitioner's voluntarily election to abandon the unexhausted crimes, and not the filing of the traverse.

Respondent argues that there is no factual basis for granting Petitioner's request, pointing out that Petitioner has not filed a declaration from Valencia. In addition, Respondent argues that, although Petitioner claims that Valencia filed the traverse without his knowledge or permission, his declaration does not expressly state this. However, Petitioner's declaration does state: "Mr. Valencia was well aware I did not want him to proceed further." Longacre Decl. ¶ 9.

Respondent also argues that Petitioner has not pursued the instant request with diligence, noting that the Court granted Petitioner's motion to discharge Valencia on June 7, 2005 and present counsel filed his substitution of appearance and request to strike the traverse on October 19, 2005. As Petitioner details in his reply, this gap of four months does not indicate that Petitioner and his present counsel have not pursued this request diligently. The Court recognizes the delays inherent in representing prison inmates.

The Court is not prepared to resolve this matter without a declaration from Valencia explaining why he decided to abandon the unexhausted claims. Accordingly, this Court will order Valencia to submit such a declaration within 21 days of service of this order.

IT IS SO ORDERED.

Case No. C 03-03232 JF (PR)
ORDER RE REQUEST TO STRIKE TRAVERSE AND HOLD AMENDED PETITION IN ABEYANCE
(JFLC1)

1  DATED: December 12, 2005

4                                        /s/ electronic signature authorized  
                                      JEREMY FOGEL  
                                      United States District Judge

4

1 | This Order has been served upon the following persons:

2 | Glenn R. Pruden        glenn.pruden@doj.ca.gov, DocketingSFAWT@doj.ca.gov

3 | John R. Vance, Jr.     john.vance@doj.ca.gov, DocketingSFAWT@doj.ca.gov;
                           josephine.espinosa@doj.ca.gov; ecfcoordinator@doj.ca.gov

4 |

5 | Robert Earl McCann
    Sanders & Associates
6 | 3960 Industrial Blvd
    Suite 100
7 | West Sacramento, CA 95691

8 | Robert Valencia
    Valencia & Wong
9 | 2161 Shattuck Avenue
    Suite 301-302
10 | Berkeley, Ca 94704

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

Case No. C 03-03232 JF (PR)
ORDER RE REQUEST TO STRIKE TRAVERSE AND HOLD AMENDED PETITION IN ABEYANCE
(JFLC1)