1
2
3
4
5                                                                    *E-Filed 3/29/12*
6
7
8                        UNITED STATES DISTRICT COURT
9                      NORTHERN DISTRICT OF CALIFORNIA
10                          SAN FRANCISCO DIVISION
11

United States District Court
For the Northern District of California

12   KENNETH LONGACRE,                        No. C 03-3232 RS (PR)

13           Petitioner,                      **ORDER DENYING PETITION FOR
                                              WRIT OF HABEAS CORPUS**
14       v.

15   GAIL LEWIS, Warden,

16           Respondent.
                                    /
17
18
19                              **INTRODUCTION**
20       This is a federal habeas corpus action filed pursuant to 28 U.S.C. § 2254 by a *pro se*
21   state prisoner.  For the reasons stated herein, the petition is DENIED.
22                              **BACKGROUND**
23       In 2000, a San Francisco Superior Court jury convicted petitioner of two counts of
24   oral copulation, digital penetration, two counts of rape, forcible false imprisonment, making
25   terrorist threats, grand theft, and brandishing.  This federal petition followed petitioner's
26   unsuccessful attempts to seek relief in the state courts.  Evidence presented at trial
27   demonstrates that in 1998, petitioner violently assaulted his girlfriend S.F.
28

As grounds for federal habeas relief, petitioner claims that (1) the admission of evidence of alleged past acts of domestic violence violated his right to due process and equal protection; (2) the use of CALJIC No. 2.50.02 lowered the prosecution's burden of proof; (3) the trial court's denial of his request to impeach the victim's credibility on certain grounds violated his right to due process, and (4) the trial court's denial of his request to permit the jury to view the site of the alleged assault.

**STANDARD OF REVIEW**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams (Terry) v. Taylor*, 529 U.S. 362, 412–13 (2000). "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decision but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 411. A federal habeas court making the "unreasonable application" inquiry should ask

(sidebar) United States District Court / For the Northern District of California

1   whether the state court's application of clearly established federal law was "objectively

2   unreasonable." *Id.* at 409.

3                                **DISCUSSION**

4   **I.       Admission of Prior Domestic Violence Incidents**

5            **A.      Due Process**

6            Petitioner claims that the admission of evidence of prior domestic violence incidents

7   constituted impermissible propensity or character evidence and therefore his due process

8   rights were violated.  The California Court of Appeals reasonably determined that

9   petitioner's due process rights were not violated by the admission of propensity evidence.

10  Upon review, petitioner's claim cannot succeed because no remediable constitutional

11  violation occurred.  The Supreme Court has left open the question of whether admission of

12  propensity evidence violates due process, i.e., whether a constitutional guarantee has been

13  violated.  *Estelle v. McGuire*, 502 U.S. 62, 67–71 (1991).  Based on the Supreme Court's

14  reservation of this issue as an "open question," the Ninth Circuit has held that a petitioner's

15  due process right concerning the admission of propensity evidence is not clearly established

16  as required by AEDPA.  *Alberni v. McDaniel*, 458 F.3d 860, 866–67 (9th Cir. 2006).  Also,

17  even if the evidence were irrelevant or prejudicial, the Supreme Court "has not yet made a

18  clear ruling that admission of irrelevant or overtly prejudicial evidence constitutes a due

19  process violation sufficient to warrant issuance of the writ."  *Holley v. Yarborough*, 568 F.3d

20  1091, 1101 (9th Cir. 2009).  Accordingly, petitioner's claim is DENIED for want of merit.

21           Constitutional arguments?

22           **B.      Equal Protection**

23           Petitioner also claims that the admission of such evidence violated his right to equal

24  protection.  Petitioner again brings facial and as applied challenges to Section 1109, claiming

25  that the statute unconstitutionally treats those accused of domestic violence offenses

26  differently from those accused of other offenses, and that application of it violated his own

27  right to equal protection under the law.

28

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1   Individuals who have allegedly committed domestic violence do not, of course,

2   constitute a protected class.  Prior cases have, accordingly, applied rational basis review.

3   *Smith v. Roe*, 232 F. Supp. 2d 1073, 1088-1089 (C.D. Cal. 2002).  Under the "prevailing

4   rational relationship test," a habeas petitioner must allege "a prima facie case of uneven

5   application" to sustain an equal protection claim.  *McQueary v. Blodgett*, 924 F.2d 829, 835

6   (9th Cir. 1991).  To prevail, petitioner must show that there is no "reasonably conceivable

7   state of facts that could provide a rational basis for the classification" challenged.  Heller v.

8   Doe, 509 U.S. 312, 320 (1993).

9   Judged by this rubric, Section 1109 does not deprive defendants such as petitioner of

10  equal protection, but rather advances state interests in a rational manner.  *Smith v. Roe*, 232

11  F. Supp. 2d 1073, 1088–89 (C.D. Cal. 2002); *see also United States v. LeMay*, 260 F.3d 1019

12  (9th Cir. 2001) (rejecting an equal protection challenge against introducing evidence of

13  defendant's prior conduct in a child molestation case under Rule 414 of the Federal Rules of

14  Evidence).  The California courts have articulated a rational basis for section 1109, due to the

15  serious and secretive nature of domestic violence.  *People v. Jennings*, 81 Cal. App. 4th

16  1301, 1313 (2000) ("domestic violence is quintessentially a secretive offense, shrouded in

17  private shame, embarrassment and ambivalence on the part of the victim, as well as intimacy

18  with and intimidation by the perpetrator"); *People v. Brown*, 77 Cal. App. 4th 1324, 1333

19  (2000) ("evidence of other acts is important in domestic violence cases because of the

20  typically repetitive nature of domestic violence crimes, and because of the acute difficulties

21  of proof associated with frequently uncooperative victims and third-party witnesses")

22  (quoting Assem. Com. on Public Safety, Analysis of Sen. Bill No. 1876 (1995–1996 Reg.

23  Sess.) June 25, 1996, p. 4).  Petitioner cannot invoke any authority to suggest that section

24  1109 actually works an unconstitutional deprivation of equal protection.  Absent

25  clearly-established Supreme Court guidance, it cannot be said that the Court of Appeal's

26  rejection of his claim was contrary to Supreme Court precedent, as § 2254(d) requires.

27  Petitioner's facial challenge to Section 1109 on equal protection grounds therefore fails.

28

United States District Court
For the Northern District of California

As applied to petitioner's particular case, admission of the evidence pursuant to Section 1109 also did not deprive him of his right to equal protection under the law.  Petitioner insists that the prosecution's case was only weakly supported by the evidence and attacks the victim's credibility.  As the foregoing discussion makes clear, however, California has adopted a policy admitting evidence of prior acts of domestic violence precisely because prosecution of that offense (like rape), is often hindered by a dearth of available evidence.   Due to the sensitivity and private nature of domestic violence, credibility contests are common in such cases, victims are frequently uncooperative or intimidated, and third-party witnesses may not wish to become involved. *Jennings*, 81 Cal. App. 4th at 1313.  *People v. Brown*, 77 Cal. App. 4th 1324, 1333 (2000).  Consequently, his petition must be denied on this count.

## II.    Jury Instruction

Petitioner claims the use of CALJIC No. 2.50.02 ("Evidence of Other Domestic Violence") violated his right to due process under the Fifth and Fourteenth Amendments, because the instruction permitted the jury to convict him based on a preponderance of the evidence, rather than on the beyond a reasonable doubt standard.  Petitioner's jury was instructed as follows:

> Evidence has been introduced for the purpose of showing that the defendant engaged in an offense involving domestic violence on one or more occasions other than that charged in the case.

> "Domestic violence" means abuse committed against an adult or a fully emancipated minor who is a spouse, former spouse, cohabitant, former cohabitant, or person with whom the defendant has had a child or is having or has had a dating or engagement relationship.

> "Abuse" means intentionally or recklessly causing or attempting to cause bodily injury, or placing another person in reasonable apprehension of imminent serious bodily injury to himself or herself, or another.

> If you find that the defendant committed a prior offense involving domestic violence, you may, but are not required to, infer that the defendant had a disposition to commit acts of domestic violence.  If you find that the defendant had this disposition, you may, but are not required to, infer that he was likely to commit and did commit the crime or crimes of which he is accused.

> However, if you find by a preponderance of the evidence that the defendant committed a prior crimes or crimes involving domestic violence, that is not sufficient by itself to prove beyond a reasonable doubt that he committed the

1

charged acts of domestic violence.  The weight and significance, if any, are for you to decide.

2

3

Unless you are otherwise instructed, you must not consider this evidence for any other purpose.

4

CITE.  The state appellate court rejected petitioner's claim, concluding that....

5

6

To obtain federal collateral relief for errors in the jury charge, a petitioner must show

7

that the disputed instruction by itself so infected the entire trial that the resulting conviction

8

violates due process.  *See Estelle v. McGuire*, 502 U.S. 62, 72 (1991).  The instruction may

9

not be judged in artificial isolation, but must be considered in the context of the instructions

10

as a whole and the trial record.  Id.  In other words, a federal habeas court must evaluate the

11

jury instructions in the context of the overall charge to the jury as a component of the entire

12

trial process.  *United States v. Frady*, 456 U.S. 152, 169 (1982) (citing *Henderson v. Kibbe*,

13

431 U.S. 145, 154 (1977)).

14

The Due Process Clause of the Fourteenth Amendment requires the prosecution to

15

prove every element charged in a criminal offense beyond a reasonable doubt.  *See In re*

16

*Winship*, 397 U.S. 358, 364 (1970).  If the jury is not properly instructed that a defendant is

17

presumed innocent until proven guilty beyond a reasonable doubt, the defendant has been

18

deprived of due process.  See Middleton v. McNeil, 541 U.S. 433, 436 (2004).  Any jury

19

instruction that "reduce[s] the level of proof necessary for the Government to carry its burden

20

. . . is plainly inconsistent with the constitutionally rooted presumption of innocence."  *Cool*

21

*v. United States*, 409 U.S. 100, 104 (1972).

22

Petitioner has not shown that the instruction infected the trial to the extent that he was

23

denied a fair trial under due process.  First, the instructions permit, but do not require, the

24

jury to consider evidence that petitioner committed other offenses.  Because the instruction

25

was permissive, the jury was not even required to consider such evidence, must less required

26

to make a finding of guilt based upon it.  Rather, the jury was free to accept or reject such

27

evidence, and even if it accepted such evidence as true, to give it any weight it chose.

28

Second, nothing in the instructions lowered the prosecution's burden of proof.  The

United States District Court
For the Northern District of California

No. C 03-3232 RS (PR)
ORDER DENYING PETITION

United States District Court
For the Northern District of California

1   instructions themselves explicitly state that the prior act evidence "is not sufficient by itself

2   to prove that [petitioner] is guilty of the charged offense." The jury was also separately

3   instructed that it had to be convinced of petitioner's guilt beyond a reasonable doubt. The

4   Court must presume that the jurors followed the instructions and applied the proper

5   legal standard. *See Richardson v. Marsh*, 481 U.S. 200, 206 (1987). Accordingly,

6   petitioner's claim is DENIED.

7   **III.    Impeachment of the Victim**

8           Petitioner claims that the trial court violated his right due process when it precluded

9   him from impeaching S.F., the prosecution's key witness with certain evidence. At trial,

10  petitioner's attorneys argued to the jury that S.F. completely fabricated the sexual assault

11  charges. Petitioner contends that he should have been allowed to present (1) evidence that

12  S.F. had previously filed an allegedly meritless sexual harassment suit (later settled on

13  confidential terms), because it demonstrated she had a history of falsely alleging sex-related

14  offenses; and (2) business records showing S.F. lied to her employer about the nature of a

15  vacation she took. Petitioner insists that the exclusion such evidence denied him his right to

16  present a defense. The state appellate court rejected this claim, concluding....

17          "State and federal rule-makers have broad latitude under the Constitution to establish

18  rules excluding evidence from criminal trials." *Holmes v. South Carolina*, 547 U.S. 319, 324

19  (2006) (quotations and citations omitted); *see also Montana v. Egelhoff*, 518 U.S. 37, 42

20  (1996) (holding that due process does not guarantee a defendant the right to present all

21  relevant evidence). This latitude is limited, however, by a defendant's constitutional rights to

22  due process and to present a defense, rights originating in the Sixth and Fourteenth

23  Amendments. *See Holmes*, 547 U.S. at 324. "While the Constitution prohibits the exclusion

24  of defense evidence under rules that serve no legitimate purpose or that are disproportionate

25  to the ends that they are asserted to promote, well-established rules of evidence permit trial

26  judges to exclude evidence if its probative value is outweighed by certain other factors such

27  as unfair prejudice, confusion of the issues, or potential to mislead the jury." *Id.* at 325–26.

28

No. C 03-3232 RS (PR)
ORDER DENYING PETITION

1   The Court of Appeal, noting that courts may exercise inherent discretion to admit or exclude

2   evidence in the interest of orderly procedure and to avoid prejudice, pursuant to Section 352,

3   concluded that the probative value of revealing the nature of S.F.'s sexual harassment suit

4   against a prior employer would be substantially outweighed by the risk of prejudice, and

5   might confuse the issues before the jury. *See People v. Cudjo*, 6 Cal. 4th 585, 611 (1933);

6   *People v. Babbitt*, 45 Cal. 3d 660, 684 (1988). This determination was wholly reasonable.

7   S.F.'s suit was settled, therefore nothing may be inferred from its disposition; its subject

8   matter is therefore of little consequence. While petitioner maintains that he did not propose

9   to stage a mini-trial on the merits of that earlier suit, the mere suggestion that it was meritless

10  would almost certainly have prompted the prosecution to respond with evidence to the

11  contrary. This digression would have consumed additional time, and ultimately, it concerned

12  collateral matters of marginal probative value which were likely to confuse the jury. *See*

13  *Tinsley v. Borg*, 895 F.2d 520, 531 (9th Cir. 1990) (exclusion of tangential, non-probative

14  evidence did not violate defendant's right of due process). As a result, the decision to

15  exclude this evidence, and further, preclude S.F.'s former employer from mentioning the

16  nature of the employment action given its potentially inflammatory effect, was hardly an

17  objectively unreasonable application of federal law.

18        Also, petitioner was able to present a reasonable defense. He was permitted to present

19  ample other impeachment evidence, including numerous percipient and character witnesses.

20  For example, he called a nurse who treated S.F. after the alleged attack and who testified that

21  S.F. reported she was physically injured by petitioner, but did not mention any sexual assault;

22  he called a bartender who observed S.F. acting coldly to petitioner on the morning of the

23  attack, which called into question S.F.'s account of the day; he also called an artist S.F. hired

24  at one point, who stated his belief that she would solicit others to lie under oath based on his

25  experience taking her to small claims court; Petitioner even called S.F.'s ex-husband, who

26  testified that he also felt S.F. was capable of lying based on certain personal experiences.

27  Petitioner was thus afforded a "fair opportunity to defend against the State's accusations,"

28

1    and the preclusion did no constitutional harm to his defense.  *Chambers v. Mississippi*, 410

2    U.S. 284, 294 (1973).

3         Petitioner also has not shown prejudice.  S.F.'s testimony was corroborated by both

4    her physical injuries and statements by other witnesses.  Therefore, any error the state courts

5    could have conceivably committed by refusing his request to admit evidence that S.F. lied

6    about her sexual harassment claims would have been entirely harmless — not an oversight

7    that "had substantial and injurious effect or influence in determining the jury's verdict."

8    *Brecht v. Abrahamson*, 507 U.S. 619, 638 (1993).   Accordingly, the claim is DENIED.

9    **IV.    Request for Jury Viewing of the Crime Scene**

10        Petitioner claims that the trial court abused its discretion by denying his motion to

11   permit the jury to view the crime scene, and argues that such refusal violated his Fifth, Sixth,

12   and Fourteenth Amendment rights to a fair trial under the U.S. Constitution.  Petitioner

13   argues that if S.F.'s allegations were true, her neighbors would necessarily have heard the

14   commotion, and that this conclusion is self-evident upon a visit to the apartment.  Since they

15   apparently did not, petitioner thus maintains that viewing the crime scene would have helped

16   the jury evaluate S.F.'s credibility.  Respondent maintains that many of S.F.'s neighbors

17   were not at home during the time of the assault and therefore were not roused by it.

18        As the discussion above indicates, a state court's evidentiary ruling is not subject to

19   federal habeas review unless it violates a specific constitutional guarantee, or constitutes an

20   error of such magnitude as to deny petitioner of his due process right to a fair trial.  *See*

21   *Henry*, 197 F.3d at 1031; *Walters*, 45 F.3d at 1357.  The trial court's exercise of its discretion

22   in denying petitioner's request, pursuant to Section 352, was not an unreasonable application

23   of the law, and certainly did not rise to the level of constitutional error.  Under Section 352,

24   in determining whether to permit the jury to make a site visit, the trial court may consider

25   such factors as (1) whether the site's current condition accurately reflects its condition at the

26   time in question, (2) whether the matter can be tested by other means, as well as (3) any

27   practical difficulties entailed in conducting the viewing.  *People v. Price*, 1 Cal. 4th 324, 422

28

No. C 03-3232 RS (PR)
ORDER DENYING PETITION

United States District Court
For the Northern District of California

(1991).  Because the viewing, whenever it occurred, could not accurately recreate the precise

occupancy of S.F.'s apartment building at the time of the assault, a site visit could not have

been very valuable to the jury in determining the issue raised by petitioner.  The trial court

additionally determined that transporting the jury to view a small apartment would be fraught

with logistical problems.  Accordingly, it took steps to ensure that petitioner's counsel had

adequate access to the site to prepare for his defense, thereby upholding petitioner's

constitutional rights.  *California v. Trombetta*, 467 U.S. 479, 485 (1984).  Petitioner has thus

failed to show that the state court's course of action abridged his constitutional rights, let

alone that it was contrary to, or involved an unreasonable application of, clearly-established

U.S. Supreme Court precedent under § 2254.  Accordingly, this claim is DENIED.

## CONCLUSION

The state court's adjudication of petitioner's claim did not result in a decision that was

contrary to, or involved an unreasonable application of, clearly established federal law, nor

did it result in a decision that was based on an unreasonable determination of the facts in

light of the evidence presented in the state court proceeding.  Accordingly, the petition is

DENIED.

A certificate of appealability will not issue.  Reasonable jurists would not "find the

district court's assessment of the constitutional claims debatable or wrong."  *Slack v.

McDaniel*, 529 U.S. 473, 484 (2000).  Petitioner may seek a certificate of appealability from

the Court of Appeals.

**IT IS SO ORDERED**.

DATED:  March 29, 2012

RICHARD SEEBORG
United States District Judge

United States District Court
For the Northern District of California